**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **DAVID WHITLOW,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO. 2-21-CV-632-JTA** |
| | ) |
| **KENDRA FOWLER, CUSTOMERS** | ) |
| **BANK d/b/a BANKMOBILE,** | ) |
| **SQUARE, INC. OF CALIFORNIA** | ) |
| **d/b/a CASH APP,** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT CUSTOMERS BANK'S MOTION TO DISMISS**
**COMPLAINT AND SUPPORTING MEMORANDUM**

Defendant Customers Bank ("Customers Bank") hereby moves this honorable

Court for dismissal of Count Three of Plaintiff David Whitlow's Complaint under

Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.  INTRODUCTION

This lawsuit arises out of an allegedly fraudulent car sale transaction between

Plaintiff David Whitlow ("Plaintiff") and Defendant Kendra Fowler ("Fowler").

According to Plaintiff, in order to purchase Plaintiff's car, Fowler paid off Plaintiff's

loan balance to a financing company via debit card transactions. However,

according to the Complaint, Fowler later reported those same transactions as

fraudulent to Customers Bank and Defendant Square, Inc. of California ("Square"),

and had them reversed, resulting in an outstanding loan balance with late fees and penalties for Plaintiff.[1]

Plaintiff seeks to recover from Fowler for breach of contract (Count One) and fraudulent misrepresentation (Count Two). Plaintiff further seeks relief from Defendants Customers Bank and Square in Count Three for negligence and wantonness, alleging that Customers Bank and Square had a duty to reasonably investigate Fowler's purported fraudulent transactions and breached that duty by reversing those transactions. While this set of alleged facts between Plaintiff and Defendant Fowler is unfortunate, Plaintiff is not entitled to relief from Customers Bank. As a matter of well-settled law, Customers Bank owes no duty to non-customers such as Plaintiff, and Plaintiff has failed to allege any circumstances sufficient to impose a duty on it. Moreover, a bank's obligation to reasonably investigate fraudulent debit transactions for its customers is governed by the Electronic Funds Transfer Act, which does not provide for a claim by a non-customer such as Plaintiff. Accordingly, because Plaintiff has failed to allege a legal duty and cannot do so, his claims for negligence and wantonness against Customers

---

[1] The Complaint seems to allege that Fowler also reported the Square transaction as fraudulent. *See* Complaint, at ¶¶ 40-43.

Bank should be dismissed.

## II.    FACTUAL BACKGROUND[2]

In the summer of 2020, Plaintiff David Whitlow ("Plaintiff") decided to sell his black 2012 Dodge Challenger (the "Vehicle") by listing the Vehicle in an online advertisement. Plaintiff's Complaint (hereinafter, "Compl."), ¶7.  Defendant Kendra Fowler ("Fowler"), a college acquaintance of Plaintiff, responded to the online advertisement indicating her interest in purchasing the Vehicle. Compl., ¶7.

Plaintiff and Fowler agreed that Fowler would purchase the Vehicle from Plaintiff for $11,000.00. Compl., ¶ 10.  They further arranged the terms of the sale as follows: Fowler would pay Plaintiff's outstanding loan balance of $12,000.00 that he owed to Credit Acceptance, the entity that had provided Plaintiff financing for the Vehicle. *Id.*  Plaintiff would then pay Fowler $1,000.00 in cash to bring the total purchase price to the agreed-upon price of $11,000.00. *Id.*

On July 16, 2020, Plaintiff and Fowler executed the Bill of Sale and called Credit Acceptance together to request a link through which Fowler could pay the balance of Plaintiff's loan. Compl., ¶ 11.  Fowler then paid off the loan balance using the Credit Acceptance link with two debit cards: one BankMobile (Customers Bank) card belonging to Fowler and another debit card belonging to Fowler's friend. Compl., ¶ 12.  Fowler paid $10,000.00 to Credit Acceptance using her BankMobile

---

[2] For purposes of this Motion to Dismiss only, Customers Bank does not dispute Plaintiff's version of facts.

(Customers Bank) debit card through four separate $2,500.00 transactions. Compl., ¶ 13. Fowler paid the remaining loan balance with her friend's debit card. *Id.* Plaintiff then paid Fowler the $1,000.00 they had agreed upon previously. Compl., ¶ 14.

On August 6, 2020, Plaintiff received a letter from Credit Acceptance notifying him that his loan was paid off and that his account was closed. Compl., ¶ 15. About a month later, Credit Acceptance sent the Vehicle title to Plaintiff who then provided it to Fowler. Compl., ¶ 16.

Several weeks later, Credit Acceptance notified Plaintiff that his account had been reopened because Fowler had reported the debit transactions to pay off the loan as fraudulent. Compl.,¶ 17. Accordingly, on October 1, 2020, those transactions had been reversed. *Id.*[3] When contacted by Plaintiff, Fowler denied reporting the debit charges as fraud. Compl., ¶ 18.

After a few weeks, Plaintiff and Fowler jointly called Customers Bank on two occasions. Compl., ¶¶ 19-20. On both calls, Customers Bank confirmed that Fowler had reported the transactions as fraud and had the money reversed to her account. *Id.* Upon hearing Customers Bank's confirmation on each call, Fowler terminated

---

[3] Although unclear from the Complaint, Plaintiff apparently alleges that Fowler or her friend reported the friend's separate transaction for $1,960 as fraudulent and had that transaction reversed, as well. *See* Compl., at ¶¶ 40-43.

each call, later explaining that her phone had died and that her dog was sick. *Id.*

Plaintiff later requested and received the payment history for his account from Credit Acceptance. Compl., ¶ 21. The payment history confirmed that Fowler's payments had been reversed and that the debit cards to which the funds were returned were the same cards Fowler used to pay off the loan on the Vehicle. *Id.* According to Plaintiff, Fowler has not returned or repaid the money for the reversed transactions and Credit Acceptance is seeking payment for the loan from Plaintiff. Compl., ¶¶ 23-24.

Plaintiff has brought claims against Fowler for breach of contract (Count One) and fraudulent misrepresentation (Count Two). Compl.,¶¶ 25-39. Plaintiff brings only a single count against Customers Bank of negligence and wantonness (Count Three). Compl., ¶¶40-43.

## III.   LEGAL STANDARD

Rule 12(b)(6) tests the sufficiency of the Complaint. To avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## IV.    ARGUMENT

Count Three of the Complaint contains the sole claims against Customers Bank for negligence and wantonness.  These claims, however, must be predicated on a duty, and Plaintiff fails to allege any facts under which such a duty was owed by Customers Bank to him. *See Edmonson v. Cooper Cameron Corp.*, 374 F. Supp. 2d 1103, 1106 (M.D. Ala. 2005) (citing *Spain v. Brown & Williamson Tobacco Corp.,* 872 So.2d 101, 134 (Ala. 2003)) ("Under Alabama law, there are four elements to establish a case of negligence or wantonness: (1) duty, (2) breach of duty, (3) proximate cause, and (4) injury."); *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (citing *Bozeman v. Central Bank of the South,* 646 So.2d 601 (Ala. 1994)) ("'Wantonness' has been defined by this Court as the conscious doing of some act or the omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result.").

### A.    <u>Customers Bank Owes No Duty To Plaintiff, A Non-Customer.</u>

Customers Bank owes no duty to Plaintiff as a non-customer; accordingly, Plaintiff's negligence and wantonness claims must be dismissed.  A bank generally owes no duty to a non-customer.  *Smith v. AmSouth Bank, Inc.*, 892 So. 2d 905, 909 (Ala. 2004).  Courts across numerous jurisdictions have routinely reaffirmed this principle that a bank does not owe a duty of care to a non-customer with whom it

has no direct or special relationship. *See, e.g., Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 225 (4th Cir. 2002) (finding that bank had no duty to non-customer who "falls into the undefined and unlimited category of strangers who might interact with [the bank's] customer"); *Conder v. Union Planters Bank, N.A.,* 384 F.3d 397, 399-400 (7th Cir. 2004) (banks owe no general duty of care to non-customers); *Towne Auto Sales, LLC v. Tobsal Corp.,* No. 1:16-cv-02739, 2017 WL 5467012 (N.D. Ohio Nov. 14, 2017) (dismissing negligence claim against bank because plaintiff was not a bank customer to whom it owed a duty and there was no evidence showing any relationship between the parties); *VIP Mortg. Corp. v. Bank of Am., N.A.,* 769 F.Supp.2d 20, 26-27 (D. Mass. 2011) (refusing to carve out an exception to the "now almost universal rule that banks do not owe a common law duty of care to third-party non-customers"); *Pub. Serv. Co. of Okla. v. A Plus, Inc.,* No. CIV-10-651-D, 2011 WL 3329181, at *4-7 (W.D. Okla. Aug. 2, 2011) (agreeing that "a bank does not have a duty to third-party non-customers, even if the bank customer engages in misconduct harmful to the non-customer"); *In re Agape Litig.,* 681 F.Supp.2d 352, 360 (E.D.N.Y. 2010) ("[B]anks do not owe non-customers a duty to shield them against intentional torts committed by bank customers"); *Old Republic Nat'l Title Ins. Co. v. Landmark Closing Co.,* No. 4:09-CV-00422, 2010 WL 2228436, at *2 (E.D. Ark. June 1, 2010) ("The general rule in Arkansas and elsewhere is that banks do not owe noncustomers a duty to exercise reasonable care."); *Marlin v. Moody*

*Nat'l Bank, N.A.,* No. H-04-4443, 2006 WL 2382325, at *6-7 (S.D. Tex. Aug. 16, 2006) ("Banks have no duty to non-customers."); *Radwill v. Romeo,* No. 1-11-0912, 2013 WL 1289072, at *9 (Ill. App. Mar. 29, 2013) ("Under Illinois law, a bank does not owe a common law duty of care to a non-customer."); *Ahlan Wa Sahlan Hospitality Co. v. United Citizens Bank of S. Ky., Inc.,* No. 2011-CA-001349, 2013 WL 275636, at *1-2 (Ky. App. Jan. 25, 2013) (declining to recognize any duty owed by a bank to a non-customer third party); *Ramsey v. Hancock,* 79 P.3d 423, 427 (Utah App. 2003) (banks owe no duty of care to noncustomer check payees); *Weil v. First Nat'l Bank of Castle Rock,* 983 P.2d 812, 815 (Colo. App. 1999) (bank owed no general duty of care to inquire as to employees' authority to open an account in a sole proprietorship's unregistered trade name and therefore was not liable in negligence); *Volpe v. Fleet Nat'l Bank,* 710 A.2d 661, 665 (R.I. 1998) (bank owed no duty to detect that a non-customer payee's indorsement had been forged and thus was not liable in negligence to the payee).

Under Alabama law, absent a "special relationship" or "special circumstances," a bank owes no duty to protect a non-customer from the criminal acts of a third party. *Smith v. AmSouth Bank, Inc.*, 892 So. 2d 905, 909 (Ala. 2004). Where a plaintiff is not a customer and thus has "no relationship" with the bank, no special relationship exists. *Id.* at 909–10 (holding that the non-customer plaintiff whose funds were stolen by the defendant bank's account holder had not

demonstrated the existence of a special relationship where the account holder did not misrepresent his identity and the plaintiff asserted that he was "a member of the general public"); *accord, e.g.*, *Eisenberg*, 301 F.3d at 226.

In the present case, first, Plaintiff does not allege that he is a customer of Customers Bank, and he certainly is not the customer whose account is at issue under the Complaint. Therefore, as a matter of law, Customers Bank owes no duty to Plaintiff, and his negligence and wantonness claims fail and must be dismissed. *See Edmonson*, 74 F. Supp. 2d at 1106 (noting that negligence and wantonness claims both require a showing of duty, breach, proximate cause, and injury).

Second, and critically, Plaintiff has not (and cannot) alleged any facts that would constitute a special relationship or special circumstances between Plaintiff and Customers Bank that would impose a duty on Customers Bank.

Accordingly, because as a matter of law, Customers Bank owes no duty to Plaintiff, a non-customer, Plaintiff's negligence and wantonness claims against Customers Bank must be dismissed.

**B. <u>Customers Bank Owes No Duty To Plaintiff Under The EFTA.</u>**

Plaintiff has likewise failed to state a claim under the Electronic Fund Transfer Act, which governs debit card transactions. The circumstances outlined in Plaintiff's Complaint are governed by the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, and its implementing regulations, 12 C.F.R. § 205 *et seq.* Congress

enacted the EFTA to provide "a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b); *Tims v. LGE Community Credit Union*, 935 F.3d 1228, 1234 (11th Cir. 2019). "The EFTA's 'primary objective ... is the provision of individual consumer rights' with respect to electronic fund transfers; the statute seeks to promote this objective through regulating disclosures, preventing fraud, and allocating liability." *Rallis v. First Gulf Bank, N.A.*, No. 3:08CV102/MCR, 2008 WL 4724745, at *2 (N.D. Fla. Oct. 24, 2008).

The EFTA governs debit transactions, such as those identified in Plaintiff's Complaint. 12 C.F.R. § 205.3 (b)(1)(v) ("The term electronic fund transfer means . . . transfers from debit card transactions, whether or not initiated through an electronic terminal.); *see Merisier v. Bank of America, N.A.*, 688 F.3d 1203, 1204 (11th Cir. 2012) (assessing EFTA claims related to allegedly unauthorized use of a bank customer's debit card). *See also Voeks v. Pilot Travel Centers*, 560 F. Supp. 2d 718, 720 (E.D. Wis. 2008) ("Electronic fund transfers covered by the [EFTA] have three components: 1) a transfer of funds; 2) that is initiated by electronic means, and 3) debits or credits a consumer account."). Under the EFTA, when a customer believes a debit transaction to be in error and notifies her bank such as Fowler did, the bank must investigate the error and if necessary, correct it within a specified time period following the investigation. Compl., ¶¶19-20; 15 U.S.C. § 1693(f); 12 C.F.R.

§ 205.11.  If the bank does not comply with those requirements, a customer, like Fowler, may seek to hold the bank liable for damages under the EFTA. 15 U.S.C. §§ 1693h; 1693m.

Plaintiff implicates the EFTA with his allegation that Customers Bank had a duty to make a reasonable investigation to ensure Fowler's purported fraudulent transactions were indeed fraudulent before reversing them. Compl., ¶ 41.  However, the EFTA on its face does not provide for such a claim to be brought by Plaintiff because he was not a customer whose account was fraudulently debited.  Therefore, Customers Bank does not owe <u>Plaintiff Whitlow</u> a duty to make a reasonable investigation of Fowler's transactions and his claim against Customers Bank is due to be dismissed.

Moreover, the EFTA specifies the circumstances under which a customer may seek to hold a bank liable:

> [A] financial institution shall be liable to a consumer for all damages proximately caused by—
>
> (1) the financial institution's failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in the correct amount or in a timely manner when properly instructed to do so by the consumer, . . .
>
> (2) the financial institution's failure to make an electronic fund transfer due to insufficient funds when the financial institution failed to credit, in accordance with the terms and conditions of an account, a deposit of funds to the consumer's account which would have provided sufficient funds to make the transfer, and

> (3) the financial institution's failure to stop payment of a
> preauthorized transfer from a consumer's account when
> instructed to do so in accordance with the terms and
> conditions of the account.

15 U.S.C. § 1693h (a).  Plaintiff's allegations – that Customers Bank owed him a

duty to make a reasonable investigation of Fowler's transactions and breached that

duty by reversing her transactions – clearly do not constitute a claim under the

EFTA.  Accordingly, Plaintiff has failed to state a claim under the EFTA and his

claims against Customers Bank should be dismissed.

## V.    <u>CONCLUSION</u>

Because Plaintiff has failed to allege any duty owed by Customers Bank to

him, and because no construction of Plaintiff's alleged facts can support his legal

claims, Customers Bank respectfully requests that this Court dismiss Count Three

of Plaintiff's Complaint and dismiss Customers Bank from the action, with

prejudice.

Respectfully submitted this 13th day of October, 2021.

_____ /s/ John N. Bolus _____

John N. Bolus
*Attorneys for Defendant Customers*
*Bank*

**OF COUNSEL:**
Robert H. Fowlkes
Molli Masaniai
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
jbolus@maynardcooper.com
bfowlkes@maynardcooper.com
mmasaniai@maynardcooper.com

**CERTIFICATE OF SERVICE**

      This is to certify that this pleading has been served via CM-ECF, on this the 13th day of October, 2021, on the following:

C. Lance Gould
Tyner D. Helms
Beasley, Allen, Crow, Methvin, Portis & Miles, PPC
218 Commerce Street
Montgomery, AL 36104
Phone: (334) 269-2343
Lance.Gould@beasleyallen.com
Tyner.Helms@beasleyallen.com

Kendra Fowler
621 Underwood Drive
Montgomery, Alabama 36108

J. Walton Jackson
MAYNARD COOPER & GALE, P.C.
11 North Water Street
RSA Battle House Tower, Suite 24290
Mobile, AL 36602
Telephone: (251) 432-0029
Facsimile: (251) 432-0007
Email:  wjackson@maynardcooper.com


                         */s/ John N. Bolus*
                      John N. Bolus
                      *Attorney for Defendant Customers Bank*